GRIFFIS, J.,
for the Court.
¶ 1. Johnny Ray Davis was convicted of the crime of fondling a child in violation of Mississippi Code Annotated section 97-5-23(1) (Rev.2006). He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections, with ten years to serve and five years suspended. He was further ordered to pay a fine of $2,000 and court costs of $250.50. On appeal, Davis argues that the prosecutor, during his closing argument, improperly: (1) commented on the fact that Davis did not testify at trial and (2) denied Davis the right to a fair trial by entering evidence of Davis’s character and by making statements that were intended to inflame the passions of the jury. We find no error and affirm.
FACTS
¶2. Davis was indicted for the alleged fondling of his nine-year-old step-granddaughter, Julie.[1] Davis is the stepfather of Julie’s mother. Julie testified about two specific instances when Davis fondled her. She was examined by both a pediatrician and a counselor. They both testified that Julie’s statements were consistent and reliable.
¶ 3. Davis did not testify on his behalf, but portions of his videotaped interview with an officer from the sheriffs department were shown to the jury. From the record, it appears that very little of this interview actually pertained to Julie’s allegations of fondling.
¶4. The issues raised on appeal stem from the prosecutor’s closing argument. Referring to the defense’s closing argument, the prosecutor began his rebuttal *1192 argument by telling the jury that he hoped they “didn’t buy into that bull.” Davis’s attorney objected, and the trial judge replied, “I think the jury can determine what is going on.” The prosecutor further stated that Davis’s testimony on the videotape was “bull” and irrelevant to the case. The prosecutor referred to Davis as a “pervert” and stated that it was his opinion that Davis was guilty. At one point, the prosecutor commented that he “would cut off [his] arm before [he] would knowingly prosecute an innocent man.” The prosecutor concluded his closing argument to the jury by stating: “When the guilty go free the innocent are punished. She’s been punished enough. I did all I could. It’s up to you now.”
STANDARD OF REVIEW
¶ 5. The standard of review we apply to lawyer misconduct during closing statements is “whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created.” Sheppard v. State, 777 So.2d 659, 661(¶7) (Miss.2000). During closing argument, a lawyer is “entitled to argue his case, drawing all rational inferences that come from the evidence presented in the courtroom.” Caston v. State, 823 So.2d 473, 495-96(¶ 72) (Miss.2002) (citation omitted). “Attorneys are allowed wide latitude in arguing cases to the jury. However, prosecutors are not permitted to use tactics which are inflammatory, highly prejudicial, or reasonably calculated to unduly influence the jury.” Sheppard, 777 So.2d at 661(¶ 7).
ANALYSIS

1. The prosecutor’s comment on Davis’s right to remain silent

¶ 6. Davis argues that the prosecutor directly or impliedly commented on the fact that Davis did not testify by referencing the videotaped interview that was introduced into evidence. Davis claims that this was a violation of his right to refuse to testify against himself as guaranteed by the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution (1890). The State counters that Davis did not reserve this issue for appeal because he did not make a contemporaneous objection to the prosecutor’s remarks.
¶ 7. The prosecutor stated:
But we’re here about one case, this little nine year old girl. And he [defense counsel] says, oh, I let you hear from Johnny Ray Davis through the videotape. Well, that’s fine. I didn’t mind him playing the tape. And you can listen to all that two or three hours of bull again if you want to. You can just see him in there just shooting the bull. You know, he’s talking about everything in the world. Talking about, you know, anything from France to South America, whatever, except about this little girl.
It is from this statement that Davis claims that the prosecutor improperly commented on Davis’s failure to testify. Davis argues that it brought the jury’s attention to the fact that Davis did not testify and that the tape was introduced to hide Davis from the jury. Davis further claims that he did not object to the statement because he did not want a string of objections to influence the decision of the jury.
¶ 8. The State responds that Davis waived this issue on appeal because there was no contemporaneous objection to the prosecutor’s statement. Citing Whigham v. State, 611 So.2d 988, 995 (Miss.1992), Davis recognizes that there was no objection; but he argues that the issue involves a fundamental right that cannot be waived *1193 by a failure to make a contemporaneous objection.
¶ 9. A defendant is procedurally barred from asserting an issue on appeal if he fails to object to the statements during trial. Moore v. State, 938 So.2d 1254, 1265(¶ 32) (Miss.2006). “It is the duty of a trial counsel, if he deems opposing counsel overstepping the wide range of authorized argument, to promptly make objections and insist upon a ruling by the trial court.” Knight v. State, 751 So.2d 1144, 1154(1125) (Miss.Ct.App.1999) (citing Johnson v. State, 477 So.2d 196, 209-10 (Miss.1985)). This contemporaneous objection rule is “critical because it allows the judge to avert a mistrial, if possible, by admonishing the jury to disregard the utterance.” Id. (quoting Herrington v. State, 690 So.2d 1132, 1139 (Miss.1997)). Conversely, the supreme court has held that an error regarding a constitutional right “may reach such serious dimension, however, that this Court is required to address it, though first raised on appeal.” Whigham, 611 So.2d at 995 (citing Brooks v. State, 209 Miss. 150, 155, 46 So.2d 94, 97 (1950)).
¶ 10. In Whigham, the prosecution stated in closing argument that the testimony of the State’s witnesses was unrebutted, unimpeached, and unopposed. Id. at 996. It was clear from the statements that the only person who could rebut those statements was the defendant who had chosen not to testify. Thus, the court held that the “errors in closing argument reached a Constitutional dimension so egregious that failure on the part of defense counsel to make proper objection either at trial or in his motion for a new trial did not waive the error.” Id.
¶ 11. Here, unlike in Whigham, we find that the prosecutor’s statement was not a comment on the defendant’s right not to testify against himself. When read in the proper context, the statement was focused on the content of the videotaped interview, which was played to the jury, and the interview’s irrelevance to the issues of the case. The statement does not lead the jury to infer anything about the reasons why Davis did not testify at trial. We, therefore, conclude that the prosecutor’s statement does not rise to the level of “serious dimension,” discussed in Whig-ham, that would allow Davis to overcome the procedural bar. Because there was no contemporaneous objection made to the prosecutor’s statement, Davis waived this issue. We decline to address it on appeal.

2. The prosecutor’s comments intended to inflame the passions of the jury and to urge the jury to “send a message”

¶ 12. Davis also argues that the prosecutor denied Davis the right to a fair trial by using the word “pervert” to describe Davis and by stating that he “would cut off [his] arm before [he] would knowingly prosecute an innocent man.” Davis contends that both of these statements were made in an effort to inflame the passions of the jury. Further, he argues that the prosecutor used a “send a message” remark by stating: “When the guilty go free the innocent are punished. She’s been punished enough. I did all I could. It’s up to you now.”
¶ 13. Just as in the previous section, these assignments of error also require a contemporaneous objection to be preserved for appeal. Alexander v. State, 736 So.2d 1058, 1064(¶16) (Miss.Ct.App.1999) (citing Marks v. State, 532 So.2d 976, 984 (Miss.1988)). This Court has held that “[i]t is too late to make objections after the argument is complete.” Id. When no objection is made to a remark, “this assignment of error is procedurally barred and precludes appellate review.” Id.
¶ 14. Davis cites Payton v. State, 785 So.2d 267, 270(¶10) (Miss.1999) for the *1194 proposition that the “send a message” issue is not barred if the argument was so inflammatory that the trial judge should have objected on his own. During the closing argument in Payton, the prosecutor told the jury to: “Send a message to these older, more mature, criminals, ‘We are not going to let you ruin young people’s lives like you have ruined these three people’s lives, and all these lives you endangered in the process.’ ” Id. at 270(¶ 9).
¶ 15. Here, we find that the prosecutor’s statements did not rise to the level required by Payton. Again, the prosecutor stated that: “When the guilty go free the innocent are punished. She’s been punished enough. I did all I could. It’s up to you now.” This statement was not so inflammatory that the trial judge should have objected on his own.
¶ 16. Consequently, we find that Davis’s argument that the prosecutor made statements to inflame the passions of the jury and to urge the jury to “send a message” are also procedurally barred because Davis made no timely objections to the statements of the prosecutor.
¶ 17. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT OF CONVICTION OF FONDLING AND SENTENCE TO SERVE FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED AND A FINE OF $2,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. The name of the minor child has been changed to protect her identity.